**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **CHERYL GREEN,** ***as Representative of*** | **§** | |
| **ERIC GREEN** | **§** | |
| | **§** | **CIVIL ACTION NO. ______________** |
| **v.** | **§** | **JURY** |
| | **§** | |
| **NUECES COUNTY, TEXAS;** | **§** | |
| **JOHN DOE #1; and JOHN DOE #2** | **§** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Plaintiff, Cheryl Green, *as Representative of* Eric Green, bringing this their *Plaintiff's Original Complaint*, praying for damages against Nueces County, Texas, John Doe #1 and John Doe #2, Defendants, who have, denied Eric Green his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## I.
## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

## II.
## PARTIES

2. Plaintiff Cheryl Green is the mother and legal representative of Eric Green (hereinafter "Mr. Green") and a resident of Nueces County, Texas.

3. Defendant Nueces County, Texas (hereinafter "Nueces County") is a political subdivision of the State of Texas and can be served with summons upon Nueces County Judge Lloyd Neal, 901 Leopard Street, Corpus Christi, Texas 78401.

4. Defendants John Doe #1 and John Doe #2 were, at all times material to this suit, deputies employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendants while acting under color of state law, and was committed within the scope of their employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendants can be served with summons at the NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St, Corpus Christi, Texas 78401.

## III.
## FACTS

5. Whenever it is alleged in this complaint that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

6. On or about October 2, 2009, Mr. Green was arrested and incarcerated at the Nueces County Jail. While in the Jail, Mr. Green was suffering from mental difficulties. Such mental difficulties Mr. Green was experiencing were apparent to Nueces County deputies/employees working at the Jail, and to other inmates incarcerated with Mr. Green. Jail personnel ignored Mr. Green's need for mental health evaluation and treatment. Instead of providing Mr. Green with medical attention and

supervision, he was placed in a cell in hopes that his medical problems would magically threat themselves.

7. At some point during Mr. Green's incarceration a guard approached the cell where Mr. Green was being held and opened the cell door. After opening the door the guard stepped back leaving the door open. Mr. Green calmly took a step out of the cell. Mr. Green was not acting in an aggressive manner and was not threatening any of the guards at the Jail. At the moment that Mr. Green stepped out of the cell, he was rushed by several guards and violently slammed to the ground. Once on the ground, several guards began to repeatedly punch and kick Mr. Green in his torso and head. Mr. Green never offered any resistance and he did not strike any of the guards.

8. As fists rained down on Mr. Green, he was tased by the guards at least five times. Such tasing took place while Mr. Green was completely subdued, and thus, the use of the taser was completely unnecessary and was used purely for sadistic purposes. Once the guards has ceased using Mr. Green as a punching bag, several of the guards used all their weight to pin Mr. Green to the ground. The force used to pin Mr. Green down caused him to stop breathing and he began turning blue. A nurse on duty at the Jail had to instruct the guards to get off of Mr. Green because it was evident that he was not breathing. This same nurse was then forced to use a heart defibrillator and other life saving techniques in an attempt to revive Mr. Green. Eventually, EMS and fire department personnel arrived at the Jail and they too used a heart defibrillator on Mr. Green.

9. Upon information and belief, Mr. Green was beaten by guards on at least two occasions and he was hospitalized after each beating. After this second beating, Mr. Green spent several days in the intensive care unit at Spohn. Initially, doctors treating Mr. Green believed he was going to die due to the severity of his injuries. Mr. Green underwent surgery as a result of his injuries.

Additionally, the guards responsible for the beatings of Mr. Green laughed and bragged about causing him to be hospitalized and almost killed.

10. As a result of Defendant County and its deputies/employees' actions, Eric Green sustained numerous injuries to his body, including, but not limited to, a fractured orbital bone, nasal fracture, and various other facial fractures, bruising and lacerations.

11. At all pertinent times, Defendant Nueces County authorized and/or ratified the wrongful and tortious acts and/or omissions of deputies/employees described herein.

## IV.
## FIRST CLAIM FOR RELIEF - - §1983

12. The allegations contained in paragraphs 5 through 11 are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

13. The Civil Rights Act of 1871 (formerly known as the Ku Klux Klan Act), now codified as 42 U.S.C. §1983 as federal law provides:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. §1983.

14. The state action requirement for standing under 42 U.S.C. §1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

15. 42 U.S.C. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendant deprived Eric Green of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendant violated this provision by the following actions and/or omissions:

a) by acting with deliberate indifference to a substantial and known risk of harm to Eric Green;

b) by using excessive force in the course of Defendants' arrest and/or retention of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully beaten. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

c) by failing to intervene, where such intervention would have prevented harm to Eric Green; and

d) in creating a danger, which otherwise would not have existed, but for the conduct of Defendant, and which made more likely the opportunity of harm to occur to Eric Green.

16. Plaintiff pleads that Defendants used excessive force and/or deadly force in the course of the officers' supposed arrest, and/or investigatory stop, and/or other "seizure" of free citizens, such as Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted, and physically beaten by Defendants. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

17. Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting Plaintiff without regard to his underlying intent or motivation. Clearly,

careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for said officers to beat Plaintiff to the point of causing injury to his head and body.

18. It is well-established that counties are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance and/or in accordance with their customs, practices, policies or procedures. A county is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.

19. Defendant County is liable herein because they sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) ignoring the serious medical needs of those entrusted to their care based either on expedience or ignorance to the consequences, 2) failing to discipline those persons whom are found to have ignored the medical needs of such individuals, 3) failing to adequately supervise and/or observe their inmates/detainees/arrestees, 4) failing to provide adequate man power to supervise and/or observe inmates/detainees/arrestees, 5) failing to provide adequate staff to handle situations stemming from the medical needs of inmates/detainees/arrestees, 6) failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs, 7) failing to act in compliance with and failing to enforce the policy (of both the Nueces County Jail and Texas Jail Standards) requiring visual "checks," and 8) failing to train and/or discipline those employees whom are found to have violated any of the above-noted policies.

20. Defendant County is further liable herein because it sanctioned the custom, practice and/or policy or procedure of illegal seizures, excessive force and/or violating their rights to be free of

unwanton seizure. Defendant's actions were a customary practice and/or policy or procedure that was sanctioned by Defendant County out of which deprived Eric Green of his civil rights by statute and by both the Texas and United States Constitutions. Liability for Defendant County is established under §1983 because the assault, beating, and severe injury to citizens, with little or no justification, is a persistent, widespread practice of county employees -- namely deputies -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. Defendant County's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of police officers beating citizens establishes custom and accession to that custom by the their policy makers. Defendant County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Defendant County is liable under §1983 for failure to adopt a policy precluding deputies from beating citizens because such failure to adopt such a policy is one of intentional choice.

21. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant. Liability for Defendant is established under §1983 because their "ignore all policies" attitude is a persistent, widespread practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant's unspoken policies above is a

decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant is liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

22. Moreover, Defendant is liable for the inadequate training of their deputies/officers under §1983. Liability attaches to Defendant because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact. Furthermore, the events underlying this cause indicate that not only was there particular violations of Eric Green's rights, there exists such failures and inactions to the serious medical needs of all housed within the Nueces County Jail. Plaintiff asserts that in the instant case, the facts support either a "condition of confinement" case and/or an "episodic acts and omissions" case against Defendant County. Defendant County and its employees have violated their constitutional duty to tend to the basic human needs of persons in their charge. Like Eric Green, numerous individuals housed at the Nueces County Jail are routinely exposed to a substantial known risk of harm and Defendant County and its employees continually act and/or fail to act with deliberate indifference to that known risk.

## V.
## SECOND CLAIM FOR RELIEF - - Texas - - Intentional Infliction of Emotional Duress

23. The allegations set forth in Paragraphs 5 through 11 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to the individual Defendants. Any reference to "Defendants" in this section only applies to the aforementioned Defendants and does not include Defendant County.

24. As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Plaintiff, thereby she claims the tort of intentional infliction of emotional distress. Plaintiff alleges that the individual Defendants, acted intentionally and/or recklessly when beating Eric Green and further allege that such conduct was extreme and outrageous. The actions of the individual Defendants caused Plaintiff to suffer emotional distress; and the emotional distress suffered by him was so severe that it required treatment -- no reasonable persons should be expected to endure such.

**VI.**
**<u>THIRD CLAIM FOR RELIEF - - Texas - - Assault & Battery</u>**

25. The allegations set forth in Paragraphs 5 through 10 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to the individual Defendants. Any reference to "Defendants" in this section only applies to the aforementioned Defendant and does not include Defendant County.

26. As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Eric Green through uncontested physical contact with him.

27. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that the individual Defendants committed an assault upon Eric Green when they intentionally, knowingly, and/or recklessly struck Eric Green with their fists causing him

a fractured orbital bone, a fractured nasal cavity and other facial fractures. At no time did Eric Green consent. Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Eric Green. Said injuries were the direct and immediate consequence of the individual Defendants' wrongful act and a natural and direct result of the assault.

28. At no time were the individual Defendants privileged to take the action as force was not necessary. Moreover, the individual Defendants' assault and battery of Eric Green was not objectively reasonable when balancing the amount of force used against the need for the force. Put differently, at no time was Eric Green resisting, being combative, nor was anyone (including the individual Defendants) ever in danger.

## VII.
## INJUNCTIVE RELIEF/DECLARATORY JUDGMENT/FEDERAL OVERSIGHT

29. Plaintiff alleges, and upon the belief that the evidence gathered during the discovery phase of this case will support the necessity of Court oversight and guidance, that the policies of Nueces County, Texas concerning the protection of those persons entrusted to its care are unconstitutional as written and/or are unconstitutional as applied pursuant to the pattern and practice of Defendant County. Through the acts, practices and omissions alleged in paragraphs 5 through 10, Defendants have engaged, continue to engage in a pattern of practice of depriving individuals confined at it facilities of rights, privileges, or immunities secured by the Constitution of the United States, including the Fourteenth Amendment, and in violation of 42 U.S.C. §14141(a). Defendant County and its employees routinely cause harm to individuals housed at the Nueces County Jail. Specifically, as to individuals with mental health problems, they continually allow such individuals

to be assaulted by inmates and/or guards and ignore their serious medical needs.

30. Unless restrained by the Court, Defendant County will continue to engage in the conduct and practices set forth in paragraphs 5 through 10 that deprive individuals confined at Defendant County's facilities of rights, privileges, or immunities secured or protected by the laws and Constitution of the United States. Plaintiff hereby requests this Court grant injunctive relief requiring the Defendant County to conform to the requirements of the federal Constitution and statutes as they pertain to the protection of persons entrusted to their care and bring said policies into compliance with the commands of same.

31. Based on the horrific result brought upon Eric Green as a result of the unconstitutional policies and/or failure to adhere to such policies, it would appear that the oversight and guidance of this Court and/or Department of Justice may be necessary to ensure and/or monitor the compliance of Defendant County with its own policies meant to protect those entrusted to its care and/or to correct. Plaintiff therefore requests this Court, should it deem such necessary following the discovery of additional information, issue an order concerning such oversight and/or granting injunctive relief against Defendant County and/or its officials who implemented the alleged unconstitutional policies, mandating that they be changed to conform to Federal law (if unconstitutional as written) and/or be followed in conformity with Federal law (if unconstitutionally applied). Plaintiff would therefore request that this Court order the U.S. Department of Justice and/or appropriate overseeing entity to conduct the monitoring described above.

## VIII.
## DAMAGES

32. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial.

33. Said injuries have caused Plaintiff to incur special damages which include but are not limited to: cost of criminal representation and medical treatment.

34. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover damages against Defendants, jointly and severally; that this Court issue injunctive relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which they prove herself justly entitled.

Respectfully submitted,

GALE, WILSON & SÁNCHEZ, PLLC
115 E. Travis, 19th Floor

San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526
Email: cjgale@gws-law.com

By: /s/ Christopher J. Gale
Christopher J. Gale
Southern District No. 27257
Texas Bar No. 00793766
*Attorney-In-Charge for Plaintiff*

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).