IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHERYL GREEN, as representative of ERIC GREEN | § § § CIVIL ACTION NO. 2:09-CV-00316 |
| v. | § § |
| NUECES COUNTY, TEXAS; JOHN DOE #1; and JOHN DOE #2 | § § § |

## ORIGINAL ANSWER OF DEFENDANT NUECES COUNTY, TEXAS TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO DEFENSE OF FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant, Nueces County, Texas and files this its Original Answer to Plaintiff's Original Complaint, subject to its Defense of Failure to State a Claim on which relief may be granted, and respectfully shows the following:

### I. Rule 12(b)(6) Defense of Failure to State a Claim

Defendant Nueces County, Texas ("Defendant") raises the Fed. R. Civ. P. 12(b)(6) defense of failure to state a claim upon which relief can be granted related to Plaintiff's claim for intentional infliction of emotional distress. Pursuant to the Court's Order Regarding Cases Assigned to Janis Graham Jack, U.S. District Judge, Defendant will file a separate motion with supporting argument for this defense.

### II. Defendants' Original Answer

#### A. Responses to Specific Allegations

Defendant answers as follows to the numbered paragraphs in Plaintiff's Original Complaint:

1. Defendant admits the allegations in Paragraph 1 of Plaintiff's Original Complaint.

2. Defendant admits that Plaintiff is Eric Green's mother and is a resident of Nueces County. Defendant lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegation in Paragraph 2 of Plaintiff's Original Complaint and therefore denies the same.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendant can neither admit nor deny the allegations in Paragraph 4 of Plaintiff's Original Complaint. Plaintiff has not alleged sufficient facts to identify the alleged John Does nor is it clear that they are or were employees of Nueces County Sheriff's Department as alleged. Because Defendant has insufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Original Complaint Defendant, it denies the same.

5. Paragraph 5 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate. Unless otherwise admitted, Defendant denies any factual basis to which Paragraph 5 may pertain.

6. With respect to the allegations in Paragraph 6 of Plaintiff's Original Complaint: Defendant admits that Mr. Green was arrested by the Corpus Christi Police Department on about October 2, 2009, and incarcerated at the Nueces County Jail. All other allegations in Paragraph 6 of Plaintiff's Original Complaint which are not specifically admitted are denied.

7. With the respect to the allegations in Paragraph 7 of Plaintiff's Original Complaint: Defendant admits that at some point during Mr. Green's incarceration a guard opened the door to the cell where Mr. Green was being held, Mr. Green exited without authorization, and thereafter Mr. Green ignored instructions to return to the cell and became combative. All allegations in Paragraph 7 of Plaintiff's Original Complaint which are not specifically admitted are denied.

8. With respect to the allegations in Paragraph 8 of Plaintiff's Original Complaint: Defendant admits that Mr. Green became combative and that Defendant's personnel attempted to gain control of Mr. Green by the use of a Taser; the Taser was ineffective and Mr. Green

continued his combative activities until restrained. Defendant further admits that EMS personnel were contacted to escort Mr. Green to a medical facility for evaluation because Mr. Green's combative activities prevented Defendant's personnel from measuring vital signs. All other allegations in Paragraph 8 of Plaintiff's Original Complaint which are not specifically admitted are denied

9. With respect to the allegations in Paragraph 9 of Plaintiff's Original Complaint: Defendant admits that on or about October 2, 2009 Mr. Green was in the custody of Christus Spohn Memorial Hospital for evaluation, and at some point after October 2, 2009, surgery was performed on Mr. Green. All allegations in Paragraph 9 of Plaintiff's Original Complaint which are not specifically admitted are denied.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Original Complaint.

11. With respect to the allegations in Paragraph 11 of Plaintiff's Original Complaint: Defendant denies that it authorized and/or ratified any wrongful or tortious acts by its personnel. All allegations in Paragraph 11 of Plaintiff's Original Complaint which are not specifically admitted are denied.

12. With respect to the allegations in Paragraph 12 of Plaintiff's Original Complaint, Defendant incorporates herein its responses to Paragraphs 1 through 11 above. All allegations which are not specifically admitted are denied.

13. Paragraph 13 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate. Unless otherwise admitted, Defendant denies any factual basis to which Paragraph 13 may pertain.

14. Paragraph 14 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate. Unless otherwise admitted, Defendant denies any factual basis to which Paragraph 14 may pertain.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. Paragraph 18 of Plaintiff's Original Complaint does not contain any factual allegation for which any response is appropriate. Unless otherwise specifically admitted, Defendant denies any factual basis to which Paragraph 18 may pertain.

19. With respect to the allegations in Paragraph 19 of Plaintiff's Original Complaint: Defendant denies that it is liable to Mr. Green or Plaintiff in any way or that Mr. Green and/or Plaintiff is entitled to any relief whatsoever. All allegations in Paragraph 19 of Plaintiff's Original Complaint which are not specifically admitted are denied.

20. With respect to the allegations in Paragraph 20 of Plaintiff's Original Complaint: Defendant denies that it is liable to Mr. Green or Plaintiff in any way or that Mr. Green and/or Plaintiff is entitled to any relief whatsoever. All allegations in Paragraph 20 of Plaintiff's Original Complaint which are not specifically admitted are denied.

21. With respect to the allegations in Paragraph 21 of Plaintiff's Original Complaint: Defendant denies that it is liable to Mr. Green or Plaintiff in any way or that Mr. Green and/or Plaintiff is entitled to any relief whatsoever. All allegations in Paragraph 21 of Plaintiff's Original Complaint which are not specifically admitted are denied.

22. With respect to the allegations in Paragraph 22 of Plaintiff's Original Complaint: Defendant denies that it is liable to Mr. Green or Plaintiff in any way or that Mr. Green and/or Plaintiff is entitled to any relief whatsoever. All allegations in Paragraph 22 of Plaintiff's Original Complaint which are not specifically admitted are denied.

23. With respect to the allegations in Paragraph 23 of Plaintiff's Original Complaint: Defendant incorporates by reference as if set forth fully herein, its responses to Paragraph 1 through 22 above. Unless otherwise admitted, Defendant denies any factual basis to which Paragraph 23 may pertain. The remainder of Paragraph 23 by its express terms does not relate to this Defendant. Therefore, no further response is required. However, to the extent Paragraph 23 is intended to apply in any way to this Defendant, the remaining allegations are denied.

24. The allegations in Paragraph 24 of Plaintiff's Original Complaint by its express terms does not relate to this Defendant. Therefore, no further response is required. However, to the extent Paragraph 24 is intended to apply in any way to this Defendant, the remaining allegations are denied.

25. With respect to the allegations in Paragraph 25 of Plaintiff's Original Complaint, Defendant incorporated by reference as if set forth fully herein, its responses to Paragraph 1 through 24 above. The remainder of Paragraph 25 by its express terms does not relate to this Defendant. Therefore, no further response is required. However, to the extent Paragraph 25 is intended to apply in any way to this Defendant, the remaining allegations are denied.

26. The allegations in Paragraph 26 of Plaintiff's Original Complaint by its express terms do not relate to this Defendant. Therefore, no further response is required. However, to the extent Paragraph 26 is intended to apply in any way to this Defendant, the remaining allegations are denied.

27. The allegations in Paragraph 27 of Plaintiff's Original Complaint by its express terms do not relate to this Defendant. Therefore, no further response is required. However, to the extent Paragraph 27 is intended to apply in any way to this Defendant, the remaining allegations are denied.

28. The allegations in Paragraph 28 of Plaintiff's Original Complaint by its express terms do not relate to this Defendant. Therefore, no further response is required. However, to the extent Paragraph 28 is intended to apply in any way to this Defendant, the remaining allegations are denied.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Original Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Original Complaint and further denies that Plaintiff is entitled to any relief whatsoever at law or equity.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Original Complaint and further denies that Plaintiff is entitled to any relief whatsoever at law or equity.

32. With respect to Paragraphs 32 through 34 of Plaintiff's Original Complaint and the Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever at law or equity.

**B.     Affirmative Defenses**

33. Plaintiff's claims against Defendants are barred by waiver, estoppel, res judicata, and prior judgment and/or issue preclusion. Plaintiff intentionally engaged in conduct that is inconsistent with claiming a known right, and therefore was waived any rights or claims. Plaintiff's prior sworn admission in a state court guardianship proceeding that on the night of "October 2, 2009 he [Eric Green] attached [sic] one of the guards so they subdued him[;] I [Plaintiff] have not known him to have attacked anyone else throughout his adult and teenage

years" squarely contradicts her allegations here. She is legally precluded from successfully asserting one legal position in state court, and then attempting to succeed on claims in federal court by relying on the opposite assertion. Moreover, the state court's award of temporary guardianship to Plaintiff was premised upon, in part, Plaintiff's sworn statement that Eric Green attacked guards at the Nueces County Jail. That issue has been litigated for purposes of issue preclusion.

34. Defendant complied with all state mandated training and certification requirements for its officials, deputies, corrections officers, and staff.

35. Defendant invokes the doctrines of qualified immunity and official immunity for officials acting in their official capacities. Defendant asserts that those officials made a good faith effort to discharge their obligations and duties, and would show that their actions were objectively reasonable in light of the law and information possessed at the time. Reasonably prudent officers under the same or similar circumstances as those who acted in this matter could have believed that the disputed actions should have been taken. At all times, Defendant and its personnel acted without malice and in good faith belief that their actions were lawful and reasonable under the circumstances.

36. Plaintiff has made an irrevocable election of remedies under Texas Tort Claims Act §101.106. Plaintiff's claims against the individual defendants are barred.

37. Plaintiff's claims based on unlawful entry and illegal search and seizure are barred by consent and the doctrines of plain view, exigent circumstances, and/or were part of a lawful security investigation.

38.     Defendant asserts that contributory negligence and/or the misconduct of Eric Green contributed in whole or in part to any injuries he claims to have suffered that form the basis of this suit.

39.     Defendant asserts that to the extent Eric Green suffered personal injuries that were the result of his own conduct, they may have been the result of acts and omissions of third parties over whom the County had no control, and/or may have occurred at a time when Eric Green was not in the custody of the County.

40.     At all times Defendant's actions, if any, were within legally prescribed standards and/or at the time the Constitutional standard was not clearly defined.

41.     Plaintiff has failed to mitigated damages, if any.

### C. Prayer

THEREFORE, Defendant prays that Plaintiff take nothing and that Defendant recover its costs and fees herein expended.

Respectfully submitted,

BRANSCOMB | P C
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By: / s/ Keith B. Sieczkowski
     Keith B. Sieczkowski

ATTORNEYS FOR DEFENDANT NUECES COUNTY, TEXAS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent via CMF Electronic Notice to counsel of record as indicated below on this the day of January 2010.

Mr. Christopher J. Gale
Gale, Wilson & Sanchez, PLLC
115 E. Travis, 19th Floor
San Antonio, Texas 78205
Facsimile: (210)222-9526
Email: cigale@gws-law.com

/s/   Keith B. Sieczkowski
Keith B. Sieczkowski