UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHERYL GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-316 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendant Nueces County, Texas's Motion to Dismiss for Failure to State a Claim or Alternatively for Judgment on the Pleadings. (D.E. 30.) For the reasons stated herein, Defendant's Motion is DENIED.

**I.  Jurisdiction**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). The Court has supplemental jurisdiction over Plaintiffs' state law claims, 28 U.S.C. § 1367.

**II.  Factual and Procedural Background**

Plaintiff Cheryl Green, as representative of her son, Eric Green, originally filed this lawsuit on November 18, 2009. (D.E. 1.) On February 4, 2010, Plaintiff Green filed her First Amended Complaint against Defendants Nueces County, Texas, and Robert Balderas, Pedro Cavazos, Mark Turley and Norman Hosey, who are deputies employed by the Nueces County Sheriff's Department. (D.E. 27 at 2-3.) The following factual summary is derived from Plaintiff's First Amended Complaint and does not represent the Court's factual findings in this matter.

According to the First Amended Complaint, Eric Green was arrested on or about October 2, 2009, and incarcerated at the Nueces County Jail (the "Jail"). Mr. Green suffered "mental difficulties" while at the Jail, which was allegedly apparent to Nueces County deputies at the Jail as well as fellow inmates. (D.E. 27 at 3.) Jail officials, however, allegedly ignored Mr. Green's need for mental health evaluation and treatment, and instead placed him in a cell. During his first day of incarceration, Defendant Balderas allegedly opened the door to Mr. Green's cell, and Mr. Green stepped out, holding paperwork that he had been reading. Although Plaintiff states that Mr. Green was not acting in an aggressive or threatening manner, Defendant Balderas violently pushed and slammed Mr. Green against the wall. Several other deputies then joined Balderas, and Mr. Green was slammed to the ground. Once on the ground, five guards allegedly used their knees and fists to strike Mr. Green in his head and torso. Plaintiff further states that Defendant Balderas tased Mr. Green while he was on the ground and not resisting. (D.E. 27 at 3-4.)

Mr. Green eventually stopped breathing and turned blue as a result of being pinned by the guards, and a nurse at the Jail had to instruct the guards to remove their weight from Mr. Green. The nurse then attempted to revive Mr. Green. Emergency services soon arrived at the Jail and used life saving techniques on Mr. Green. He was then transported to Christus Spohn Hospital, where he was given a CAT scan and found to have some bruising around his eye, but no fractures. Upon Mr. Green's return to the Jail, Plaintiff advised Jail officials that Mr. Green had mental difficulties. As a result, Jail officials are alleged to have stripped Mr. Green of his clothing, and he was forced to spend the majority of the next three days in his cell without clothes. (D.E. 27 at 4-5.)

The next alleged incident occurred on October 5, 2009, when Defendants Cavazos, Turley, and Hosey attempted to bring Mr. Green before a Magistrate Judge at the Jail. During the transport, Mr. Green slumped over and fell to the floor. Defendants then allegedly dragged Mr. Green to the Magistrate holding area and struck him several times in the face, even though he offered no resistance. Mr. Green was incapacitated, and thus transported back to his cell, where he was left naked and bleeding for the rest of the day. On October 6, 2009, Mr. Green was again transported to the hospital. He was admitted in a comatose state, and was discovered to have facial fractures of his orbital bones and nasal cavity. Mr. Green was placed on a ventilator, had a gastric tube inserted in his throat, was given a urinary catheter, was placed in a cervical collar, and was given intravenous fluids. Mr. Green then underwent emergency surgery. (D.E. 27 at 5-6.)

Plaintiff alleges that Defendants "laughed and bragged about causing [Mr. Green] to be hospitalized and almost killed," and the County tried to prevent Plaintiff from seeing her son while he was in the hospital. Plaintiff obtained an Order for Temporary Guardianship over Mr. Green to prevent him from returning to the Jail after his hospital stay. (D.E. 27 at 6.)

Plaintiff alleges that the individual Defendants were acting within the scope of their employment when they beat Mr. Green, and states that their actions amount to an excessive and unnecessary use of force. Further, Plaintiff alleges that the acts were performed not to restore order, but maliciously, intentionally, and sadistically for the purpose of punishing and harming Mr. Green. At all times, Defendant County is alleged to have authorized and/or ratified its employees' actions. (D.E. 27 at 7.)

Plaintiff brings several causes of action. First, Plaintiff brings a claim under 42 U.S.C. § 1983 against all Defendants. (D.E. 27 at 7-11.) Second, Plaintiff brings state law claims of assault and battery against the "individual Defendants," and notes that "[a]ny reference to 'Defendants' in this section . . . does not include Defendant County." (D.E. 27 at 11.) Plaintiff also seeks injunctive relief requiring the County to conform its policies to constitutional and statutory requirements, and federal oversight of Defendant County, in relation to its management of the Jail. (D.E. 27 at 12-14.) Plaintiff seeks damages and attorney's fees. (D.E. 27 at 14.)

Defendant Nueces County filed an Answer on January 15, 2010 (D.E. 18), and an Answer to the First Amended Complaint on February 24, 2010 (D.E. 32). Also on February 24, 2010, Defendant Nueces County filed its Motion to Dismiss, presently before the Court. (D.E. 30.) Defendant seeks dismissal of all claims against the individual Defendants in this action pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code. (D.E. 30 at 1-2, 7.) Plaintiff filed a Response on March 1, 2010. (D.E. 33.) Defendant filed a Reply on March 9, 2010. (D.E. 36.)

### III. Discussion

#### A. Federal Rule of Civil Procedure 12(c)

As Defendant Nueces County, Texas has already filed an Answer in this action (D.E. 18),[1] its Motion to Dismiss must be evaluated under Federal Rule of Civil Procedure 12(c), judgment on the pleadings. Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."). The standard for deciding a Rule 12(c) motion for judgment on the

---

[1] Defendant Nueces County also filed an answer to the Amended Complaint on the same day it filed this Motion to Dismiss. (D.E. 32.)

pleadings "is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

To qualify for dismissal under Rule 12(b)(6) or Rule 12(c), "a complaint must, on its face, show a bar to relief. In deciding a motion to dismiss, the Court must not go outside the pleadings." ASARCO LLC v. Americas Min. Corp., 382 B.R. 49, 57 (S.D. Tex. 2007) (internal citations omitted). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Alcala v. Texas Webb County, 620 F. Supp. 2d 795, 801 (S.D. Tex. 2009); ASARCO LLC, 382 B.R. at 57. Here, Defendant essentially argues that Plaintiff lacks a cognizable legal theory on which to proceed against the individual Defendants due to Section 101.106 of the Texas Civil Practice and Remedies Code. (D.E. 30 at 4.)

### B. Texas Civil Practice and Remedies Code, Section 101.106(e)

#### 1. General Principles

The Texas Civil Practice and Remedies Code, Section 101.106(e), provides, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. P. & Rem. Code § 101.106(e). The Texas Supreme Court has explained that Section 101.106(e)'s "apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex.

2008). Thus, "[b]y requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs." Id.

Under Section 101.106, "the governmental agency perfects the statutory right to a dismissal of its employee upon the filing of a motion to dismiss, and the employee may subsequently rely on the duty created by the motion to require the trial judge to dismiss the claims against him." Villasan v. O'Rourke, 166 S.W.3d 752, 758 (Tex.App.–Beaumont 2005). Stated differently, Section 101.106, on the filing of a motion, "create[s] a mandatory duty on the part of the trial court to dismiss the claims against" a government employee. Id. at 761-62.

In Garcia, the Texas Supreme Court held that Section 101.106(e) applies to all tort theories, even those not brought under the Texas Tort Claims Act ("TTCA"). The court explained, "we have never interpreted 'under this chapter' [in Section 101.106(e)] to only encompass tort claims for which the Tort Claims Act waives immunity. . . . Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." 253 S.W.3d at 658. Thus, the court applied Section 101.106 to the plaintiff's claims for intentional infliction of emotional distress. Id. at 659.

Since Garcia, federal courts in this district have consistently concluded that Section 101.106(e) requires dismissal of tort claims against individual defendants when

such claims are brought against both the individual defendants and the governmental unit. See, e.g., Alcala, 620 F. Supp. 2d at 805 ("Plaintiff's Sabine Pilot claims, intentional infliction of emotional distress claims, and defamation claims are within the scope of the Tort Claims Act and the purview of Section 101.106(e)."); Golden v. Austin County Sheriff's Dep't, 2009 WL 1835448, at *5 (S.D. Tex. Jun. 26, 2009) ("[P]laintiffs brought state-law tort claims against Austin County. These claims, whether for intentional torts or for negligence, were brought 'under' the Texas Tort Claims Act. Accordingly, the election-of-remedies provision bars the plaintiffs' common-law tort claims against the individual defendants. These claims are dismissed."); Landreneau v. Gorczynski, 2009 WL 151580, at *2 (S.D. Tex. Jan. 22, 2009) ("Plaintiff now concedes that Garcia destroys the viability of his defamation claim. Accordingly, Plaintiff's defamation claim is dismissed."); Ramos v. Lucio, 2009 WL 700635, at *9 (S.D. Tex. Mar. 17, 2009).

### 2. Section 101.106(e) is Not Applicable

Defendant argues that Section 101.106(e) mandates dismissal of the state tort claims of assault and battery against the individual Defendants in this action. According to Defendant, Section 101.106 applies to all tort theories, and applies whenever a government employee is alleged to have "acted within the general scope of his or her employment such that the governmental unit is vicariously liable." (D.E. 30 at 5 (citing Garcia, 253 S.W.3d at 657-58); D.E. 36 at 6.) In this case, Defendant argues that the basis for the claims against Nueces County and the individual Defendants are the same. Plaintiff seeks to hold Nueces County liable under Section 1983, and seeks to hold Defendants liable for torts of assault and battery, and has alleged that the individual Defendants' acts were committed within the scope of their employment with the County.

(D.E. 30 at 6.)  Thus, Defendant concludes, as Plaintiff's claims against Nueces County and the individual Defendants are "regarding the same subject matter," Plaintiff has made an irrevocable election by suing the County and the suit against the individual Defendants must be dismissed.  (D.E. 30 at 6 (citing Tex. Civ. Prac. & Rem. Code § 101.106(a), (e)); D.E. 36 at 1.)

In response, Plaintiff argues that Section 101.106(e) is not applicable, as she asserts tort claims only against the individual Defendants, not Nueces County.  Plaintiff contends that Section 101.106 does not apply to Section 1983 claims, nor does it apply where tort claims are alleged only against the employees of a governmental unit, and not the governmental unit itself.  (D.E. 33 at 4.)

Section 101.106 does not require dismissal of Plaintiff's claims against the individual Defendants in this case.   As discussed above, the Court understands Plaintiff to bring a Section 1983 claim against both Defendant County and the individual Defendants.  Plaintiff alleges that the individual Defendants "used excessive force and/or deadly force," and "it was objectively unreasonable for said officers to beat Plaintiff to the point of causing injury to his head and body."  Plaintiff brings a Section 1983 claim against the County due to its alleged policies that allow and promote the actions alleged in this lawsuit.  (D.E. 27 at 8-10.)  Plaintiff brings separate state law tort claims of assault and battery against the individual Defendants, clarifying that "the claims brought by Plaintiff under this section only apply to the individual Defendants."  (D.E. 27 at 11.)  The Court's understanding of Plaintiff's claims is confirmed by her Response to the Motion.  (D.E. 33 at 1 ("Plaintiff also alleged various state-law causes of action (assault

& battery) against only the individual Defendants.  Plaintiff alleges no common law or state-law causes of action against Defendant Nueces County, Texas.").)

As noted above, Section 101.106(e) applies only when "a suit is filed under this chapter against **both a governmental unit and any of its employees**." Tex. Civ. Prac. & Rem. Code. § 101.106(e) (emphasis added).  It is well established that a Section 1983 claim is not a claim brought "under the [TTCA]." Swain v. Hutson, 2009 WL 3246750, at *6 (Tex. App. – Fort Worth, 2009) ("[S]ection 101.106(e) of the civil practice and remedies code . . .  does not apply to federal section 1983 claims."); Whitesell v. Newsom, 138 S.W.3d 393, 396 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). Simply put, Section 101.106(e) does not apply in this case because Plaintiff has not filed suit "under this chapter against both a governmental unit and any of its employees." While Plaintiff has asserted a Section 1983 claim against both sets of Defendants, such a claim is not brought "under this Chapter."  Plaintiff has been careful to assert assault and battery claims only against the individual Defendants and not the County.  See Kelemen v. Elliot, 260 S.W.3d 518, 523 (Tex. App. – Houston [1st Dist.] 2008) ("[I]f Kelemen had asserted tort claims against the City and Elliott, the claims against Elliott would be barred under section 101.106(e). Kelemen, however, did not assert tort claims against the City and Elliott. She only sought tort claims against Elliott. . . .  [W]e hold that section 101.106(e) does not bar the claims Kelemen filed against Elliott because she did not assert any tort claims against the City. In short, Kelemen did not file a suit 'under this chapter against both a governmental unit and any of its employees,' and thus section 101.106(e) does not bar the claims filed against Elliott.")  (internal citations omitted).

The cases cited in Defendant's Motion do not warrant a different conclusion. In each case cited, the plaintiff brought Section 1983 claims as well as tort claims against **both** the governmental unit and the individual employees. The filing of tort claims against both the employer and employee led to the application of Section 101.106(e), not the presence of a Section 1983 claim. Reyes v. Bridgewater, 2010 WL 271422, at *7 (5th Cir. Jan. 22, 2010) (plaintiff brought tort claims against city and two employees, in addition to Section 1983 claim; court upheld dismissal of tort claims against employees); Mariscal v. Ochoa, 2010 WL 466710, at *1-2 (S.D. Tex. Feb. 9, 2010) (plaintiff brought tort claims against city and five employees, in addition to Section 1983 claim; court dismissed tort claims against individuals under Section 101.106(e)); Alcala, 620 F. Supp. 2d at 802, 805 (plaintiff brought tort claims against county and four individuals in their official capacity, in addition to Section 1983 claim; court dismissed tort claims against individuals under Section 101.106(e)); Ramsey v. Stephenson, 2010 WL 173612, at *1, 3-4 (S.D. Tex. Jan. 13, 2010) (plaintiff brought tort claims against city and three employees, in addition to Section 1983 claim; court dismissed tort claims against individuals under Section 101.106(e)); Bohmfalk v. City of San Antonio, 2009 WL 4263352, at *1 (W.D. Tex. Nov. 23, 2009) (plaintiff brought intentional tort claims against park rangers and city, in addition to Section 1983 claim; court dismissed tort claims against individuals under Section 101.106(e)).

In sum, as Plaintiff has not filed a suit "under this chapter against both a governmental unit and any of its employees," Section 101.106(e) is inapplicable by its own terms. The Court must therefore deny Defendant's Motion to Dismiss.[2]

---

[2] Defendant also briefly makes reference to Section 101.106(f), which provides:

## IV.   Conclusion

For the reasons stated above, Defendant Nueces County's Motion to Dismiss for Failure to State a Claim or Alternatively for Judgment on the Pleadings is hereby DENIED.  (D.E. 30.)

SIGNED and ORDERED this 15th day of March, 2010.

_____
Janis Graham Jack
United States District Judge

---

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).  The Court notes that this section is not applicable in this case for the following reasons.  First, a motion under Section 101.106(f) must be brought by the employee, not the governmental unit.  Second, a claim for assault and battery could not "have been brought under [the TTCA] against the governmental unit," as intentional torts are excluded from the waiver of immunity provided by the TTCA.  Tex. Civ. Prac. & Rem. Code § 101.057(2).